BILL LOCKYER Attorney General ANTHONY M. SUMMERS Deputy Attorney General
RAFAELA TIJERINA and SERGIO RIVERA have requested this office to grant leave to sue in quo warranto upon the following questions:
1. Is residence within a school district a qualification for election to the governing board of the district?
2. Did Donald Elholm comply with the residence qualification for election to the governing board of the Lost Hills Union School District?
3. Is continued residence within a school district required during the entire term of office of a governing board member?
4. Have Donald Elholm and Santiago Gaona complied with the residence requirement for continued service as members of the governing board of the Lost Hills Union School District?
5. Is it in the public interest to grant the application for leave to sue in quo warranto to remove Donald Elholm and Santiago Gaona from office?
 CONCLUSIONS
1. Residence within a school district is a qualification for election to the governing board of the district.
2. Whether Donald Elholm complied with the residence qualification for election to the governing board of the Lost Hills Union School District presents a substantial issue of fact.
3. Continued residence within a school district is required during the entire term of office of a governing board member.
4. Whether Donald Elholm and Santiago Gaona have complied with the residence requirement for continued service as members of the governing board of the Lost Hills Union School District presents substantial issues of fact.
5. It is not in the public interest to grant the application for leave to sue in quo warranto to remove Donald Elholm and Santiago Gaona from office.
 ANALYSIS
Rafaela Tijerina and Sergio Rivera ("Relators") contend that Donald Elholm and Santiago Gaona ("Defendants") are unlawfully serving as members of the Board of Trustees of the Lost Hills Union School District ("District"). Defendant Elholm was appointed a District trustee in 1973 to fill an unexpired term. He was elected to a full term in 1976 and was re-elected each successive term. His current term of office will expire on December 7, 2000. Defendant Gaona has served as a District trustee for over 20 years. His current term of office will also expire on December 7, 2000.
Relators allege that Defendant Elholm's residence is now, and has been since 1981, in the town of Wasco, which is not located within the District. They further allege that the records of the tax assessor of Kern County show that Defendant Elholm has claimed a homestead exemption on the Wasco residence.
Defendant Elholm alleges that he established his residence within the District in 1968. He admits that he purchased a house in Wasco in 1981, but alleges that he maintains "for my personal use" a mobile home on property he owns within the District. He has a post office box within the District.
Relators allege that Defendant Gaona has not resided in the District since at least 1999. Defendant Gaona alleges that he lives in the District and is a registered voter in the District.
Preliminarily, we note that in deciding whether to grant leave to sue in the name of the People of the State of California, we consider whether there exists a substantial question of law or fact which requires judicial resolution, and if so, whether the proposed action in the nature of quo warranto would serve the overall public interest. (80 Ops.Cal.Atty.Gen. 242, 242-243 (1997).)
We have recently considered the issues of whether residence within a school district is required for election and whether continued residence is a requirement for serving as a governing board member. (81 Ops.Cal.Atty.Gen. 98 (1998); 81 Ops.Cal.Atty.Gen. 94 (1998).) While our 1998 opinions dealt with membership on the governing board of a high school district, the same statutes control eligibility for election to and service on elementary school district governing boards. (Ed. Code, §§ 35100-35107)[1]
With respect to Defendant Elholm, Relators allege that he was not a resident of the District at the time of his election to his current term of office.[2] Section 35107, subdivision (a) provides:
 "Any person, regardless of sex, who is 18 years of age or older, a citizen of the state, a resident of the school district, a registered voter, and who is not disqualified by the Constitution or laws of the state from holding a civil office, is eligible to be elected or appointed a member of the governing board of a school district without further qualifications."
Thus, if Defendant Elholm was not a resident of the District at the time of his election, he was not eligible to become a trustee and is not entitled to retain that office. (81 Ops.Cal.Atty.Gen., supra, at p. 101.)
With respect to determining a person's "residence" for purposes of holding office on the governing board of a school district, we have previously observed:
 "`Residence' for purposes of Education Code section 35107 means `domicile,' a place of physical presence coupled with an intention to make that place one's permanent home; a person may only have one domicile at any given time. [Citations.]" (81 Ops.Cal.Atty.Gen., supra, at p. 101.)
We conclude that whether Defendant Elholm's "residence" was at his house in Wasco[3] or at his mobile home within the District at the time of his election to the current term presents a substantial issue of fact.
Relators allege that "commencing in at least 1999" Defendant Gaona has not maintained his residence within the District. The allegations of Relators are that neither Defendant currently maintains his "residence" within the District.
Although section 35107 refers only to residence at the time of election or appointment, we must consider whether continued residence within the District is required during the term of office as a District trustee. As we have previously explained:
 ". . . Government Code section 1770 provides in part:
 "`An office becomes vacant on the happening of any of the following events before the expiration of the term:
 "`. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "`(e) His or her ceasing to be an inhabitant of the state, or if the office be local and one for which local residence is required by law, of the district . . . for which the officer was chosen or appointed. . . .
 "`. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .'
 "Accordingly, it must be determined whether continued residence within the District is `required by law' during defendant's term of office as a member of the District's governing board. Education Code section 35107, subdivision (a), requires residence within the District as a condition of eligibility for election or appointment to a school district's governing board. While the statute does not refer explicitly to continued service on the board once elected or appointed, we have previously observed that in the absence of any statutory expression to the contrary, an election residence requirement remains during the entire term of office as a continuing qualification for holding the office. (79 Ops.Cal.Atty.Gen. 243, 245 (1996); 75 Ops.Cal.Atty.Gen. 287, 288 (1992).) Hence, if defendant failed at any time during her term of office to qualify as a resident of the District, her office became vacant upon such occurrence. (Gov. Code, § 1770.)" (81 Ops.Cal.Atty.Gen., supra, at pp. 102-103; fns. omitted.)
Relators' allegations raise substantial issues of fact with respect to whether Defendants currently meet the residence requirements for membership on the District's governing board.
Nevertheless, we must consider whether, assuming the existence of a justiciable issue, the filing of an action in quo warranto in the present circumstances would be consistent with the public interest. As noted at the outset, Defendants' terms expire on December 7, 2000. For all practical purposes, judicial proceedings may not reasonably be expected to terminate until after the expiration of their current terms of office. We view our discussion in 75 Ops.Cal.Atty.Gen. 10, 14 (1992) as dispositive:
 ". . . It is well settled that the mere existence of a justiciable issue does not require the Attorney General to grant leave to sue in quo warranto. [Citations.]
 "Investigation of the interests of the public must be undertaken in the context of the particular facts of each case. It is recognized that the public and each public entity have an interest in the undivided loyalty of their elected officers. [Citations.] Nevertheless, here the office sought to be declared vacant by the proposed action was acquired in April 1988 and expires in April 1992. Thus, less than four months remain of a four year term.
 "While it cannot be accurately predicted how long it would take for the present action to be filed, heard, and resolved, even in the absence of an appeal, it is at least reasonably probable that the issue would become moot prior to resolution. Accordingly, we perceive no basis for the expenditure of public funds for legal fees and court costs in connection with such a proceeding. . . ." (See also 82 Ops.Cal.Atty.Gen. 6, 11 (1999); 75 Ops.Cal.Atty.Gen. 287, 289-290 (1992).)
Leave to sue in quo warranto is DENIED.
[1] All references hereafter to the Education Code are by section number only.
[2] While the allegations call into question Defendant Elholm's residence since 1981, only the current term of office is of consequence here.
[3] The declaration of homestead on the Wasco property provides some evidence of domicile, but is not dispositive since a homestead may be declared on a dwelling in which the owner or the owner's spouse resides. (Code Civ. Proc., § 704.920)